# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-mj-00033-STV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    SHAWN MICHAEL VENCEL,

    Defendant.

---

ORDER OF DETENTION

---

    THIS MATTER came before the Court for a detention hearing on July 17, 2020.

    The government is requesting detention in this case. The defendant contested detention and both sides offered argument and evidence beyond the contents of the bail report. In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must

be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person including–

        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:   Defendant has been charged by Complaint with Mail Fraud.   The Pretrial Services Report indicates that

Defendant has thirteen pending cases of identity theft; he has had 49 failures to appear; has failed to comply in fourteen instances; and while he argued that he had no felony convictions until recently, it appears that he has a long criminal history beginning in the youth offender courts when he was thirteen.   Defendant argued for bond due to a deteriorating eye condition, but this court finds that the record does not adequately support the conclusion that he will be unable to obtain the treatment needed through the Bureau of Prisons or adequate information that justifies a general pretrial release given his extensive record of failures to appear; the video evidence in the record that demonstrates his demeanor and conduct when encountering law enforcement; and the lack of any demonstrable evidence that Defendant is able to be appropriately supervised to mitigate any risk of flight and/or danger to the community.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.   In addition, due to the repeated nature of Defendant's alleged conduct, this court finds that the Government has established by clear and convincing evidence that there are no conditions or combination of conditions of release that will reasonably assure the safety of another or the community.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   July 17, 2020                               BY THE COURT:

                                                                    Nina Y. Wang
                                                                    United States Magistrate Judge